FOUR WHEEL DRIVE AUTO COMPANY *et al.* v. BALLARD.

No. 6936.  SEPTEMBER 27, 1929.
SYLLABUS BY RUSSELL, C. J.

*J. S. Adams,* for plaintiffs in error. *S. P. New,* contra.

RUSSELL, C. J. N. H. Ballard filed a petition against L. F. Watson, sheriff of Laurens County, and Four Wheel Drive Auto Company (hereinafter referred to as the auto company), seeking an injunction against the foreclosure of a lien on certain auto-truck bodies alleged to be the property of the petitioner. The auto company is a foreign corporation, resident in the State of Wisconsin, having no property in this State. On September 1, 1928, J. P. Harden foreclosed a depositary's lien against Ballard, which was levied by M. W. Watson, deputy sheriff, on two truck bodies. In the affidavit to obtain the lien it was alleged that $500.05 was due Harden by Ballard for storage; that he had made a personal demand on Ballard for payment, and the same had been refused. It was not alleged when said debt became due, or when said demand

was made, whether it was before or after the debt became due. After the levy was made the auto company paid Harden his storage, and had the lien transferred to it, and directed that the fi. fa. proceed. Harden originally claimed a storage lien on three trucks and on two truck bodies. The trucks belonged to the auto company, and the bodies belonged to Ballard. The auto company fraudulently obtained possession of said trucks, which it had sold to Ballard and retained title. Ballard had resold them on such terms as to give him a clear profit of $3047.50. The auto company is also indebted to Ballard in the sum of $300 for commissions for sales made by him in its behalf. Ballard admits the indebtedness to Harden for storage, though he is not advised as to the correctness of the amount; and he claims the storage bill is on the trucks and not on the bodies. ' The prayer of the petition is for an injunction against the sheriff proceeding to sell said property under the lien foreclosure, that the sheriff be appointed commissioner to hold the property until further order of the court, or to sell the same at private or public sale upon confirmation by the court; also that the auto company be restrained from proceeding with the foreclosure of the lien in the city court of Dublin, and be required to set up its claim in the pending action in the superior court; and that Ballard have judgment against it for his commissions and his damages, amounting, after deduction of the original claim for storage, to $2847.45. At the hearing the auto company and the sheriff, "without submitting themselves to the jurisdiction of the court," demurred generally and specially to the complainant's petition, upon the ground that it appeared therefrom that the sheriff was a resident of Laurens County and acting only in his official capacity, and that the auto company was a foreign corporation with no office or property located in the State of Georgia. The demurrer raised the point that no cause of action was set forth, that no substantial relief was prayed against Watson, the sheriff, and that the court was without jurisdiction and the venue was improperly laid in Laurens County. It raised the further question that it was not pending litigation in the city court of Dublin, being a lien foreclosure with no counter-affidavit filed, and that it furnished no legal reason in law or equity for the intervention of a court of equity, for the reason that Ballard had a complete and adequate remedy at law, and, as no case was pending in the city

court of Dublin, the superior court of Laurens County was without jurisdiction to enjoin the proceeding on the idea that it was a pending proceeding; that Ballard, having his relief at law by counter-affidavit, could secure the relief in proceeding by counter-affidavit as well as he could by a bill in equity. The demurrer raised the further question that the court had no authority or power, for want of jurisdiction, to direct that the sheriff hold the property levied upon to await the outcome of the litigation, or to sell it at private sale as the plaintiff has prayed for. The defendants also demurred upon the ground that the plaintiff did not set up any reason in law or equity why a court of equity should enjoin the sale of the property advertised and as advertised. "After the court had heard the petition and considered the demurrer the plaintiff, N. H. Ballard, offered an amendment in which he alleged that the seizure of the property in the foreclosure proceedings was a trespass on his property, and that a sale under the foreclosure proceedings would be a fraud and a trespass committed by each of the defendants jointly; that the foreclosure proceedings were illegal, null and void for the reason that the affidavit upon which the same was based did not swear that demand was made on Ballard for payment after the debt became due, nor did it depose when the said debt became due or when the demand was made. He therefore concluded in his amendment that the levy was a trespass, that the sale would be a trespass and would be wholly null and void, passing no title to the petitioner." The auto company filed a demurrer on the ground that the amendment changed the cause of action, setting up a new cause not germane to the original, and that the facts charged in the offered amendment did not show such a trespass as would authorize a court of equity to enjoin. The court overruled the demurrer both as to the original bill and the amendment, and granted an order enjoining the auto company, transferee, and Watson, sheriff, and directing the sheriff to make a sale of the property either at public or private sale, after confirmation by the court, he being directed to do so as commissioner. Exception is taken to this judgment.

The writer and Justices Hill and Hines find no error in the rulings of the trial judge. Equity will intervene whenever the law does not supply a remedy as simple, as easy, or as efficacious as is available in equity. In the opinion of the writer, speaking for him-

self, it was the intention of the act of 1887 to allow every litigant his choice to select in the superior court whether he would choose to proceed at law or in equity. But aside from my personal opinion, it is well settled by the unanimous rulings of this court, even if the views of this writer, who participated in the passage of the act of 1887, are too broad, that equity will intervene to provide a remedy for one which will avoid a multiplicity of suits and perhaps a fruitless effort to retain well-deserved rights. The trial judge was dealing with the case upon demurrer. The well-pleaded facts had to be treated as true. What were those facts? The auto company owed Ballard $300 for commissions on sales made by him for them. He had made a contract with them by which he was to sell three trucks and have as his profit all in excess of $9552.50. He had made a sale of the trucks for $12,600. He was induced by a duly authorized agent of the defendant to believe that he could perhaps make a better sale at Thomasville, and this agent made an appointment to meet him on a stated day at Thomasville, ostensibly for the purpose of helping him find a purchaser at an even better price. Ballard went to Thomasville on the appointed day, and the agent, instead of going to Thomasville, went to Dublin and by having transferred to him a lien against Ballard in behalf of Harden, obtained possession of the trucks he was to aid Ballard to sell, and immediately shipped them to Wisconsin, beyond the jurisdiction of this court. I am of the opinion that the judge correctly held that this was fraud.

Nor did the amendment setting up that proceeding with the levy under the lien foreclosure would constitute a trespass make a new cause of action. The allegation that this was a trespass did not vary the nature of the original action, which stated in substance that the auto company by its agent wrongfully obtained possession. Whether the wrong was fraud or trespass might be dependent only upon variation in the circumstances of the same transaction. The circumstances perfectly identify the transaction as one and the same. The fraud related to the stealthy slipping the trucks away. The trespass related to the proposed sale under a lien alleged to be void by reason of fatal defects growing out of a failure to comply with the requirements as to fullness of allegations on the subject of demand before resort to the drastic seizure under lien. The petition and the amendment each referred to the same transaction, and

set forth the same details except in the one instance it is denominated fraud and in the other trespass. It might be either or both. It is entirely immaterial to the rights of the parties which, provided it is either. The amendment only amplified the details of the alleged transaction by which, as alleged, the auto company sought to place all property liable to the petitioner's demands beyond his reach. If the statements of the petition are true, the property was fraudulently whisked from Georgia to Wisconsin, to force Ballard to go to Wisconsin or abandon his rights, if he has any. Conceding the statement of facts contained in the amendment to be true, the amendment should have been allowed. The contention set up by the plaintiff is that the process under which the property was about to be brought to sale is void. The contention of the defendant is that it is subject to amendment, not void, but voidable only. We fully concur in the view of counsel for the defendant (plaintiff in error), that until the filing of a counter-affidavit the foreclosure of a lien is mere mesne process, and that after the filing of a counter-affidavit the affidavit of foreclosure would be amendable. But as such affidavits are amendable since the act of 1887, when mesne process has become final by the filing of a counter-affidavit, no good reason occurs why a lienor could not amend (at least when the occasion arose for stating a necessary fact) by filing an altogether new lien and dismissing the former proceeding during the pendency of the hearing before the court. However, I deem it to be entirely immaterial whether the lien was voidable only or void; for regardless of the right of amendment, and whether any amendment was made or not, it would have been wholly inequitable to have exposed the property of the petitioner to sale merely because the lienor himself had not made the proper affidavit in order to give the lienor the right to exercise his right to amend that which his own error had rendered necessary should be amended.

It is unnecessary to discuss the question of jurisdiction, because the demurrer filed by the respondent is not confined to the subject of jurisdiction, but concludes by demurring generally upon the ground that the petition sets forth no cause of action, and it has often been held by this court that the filing of a general demurrer is equivalent to a plea to the merits.